UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KOREY D. BRYANT,

    Petitioner,

    v.                                    CAUSE NO. 3:21-CV-730-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Korey D. Bryant, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-7-280) at the Miami Correctional Facility in which a disciplinary hearing officer found him possessing a controlled substance in violation of Indiana Department of Correction Offense 231. The court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 Habeas Corpus Rule 4.

According to the petition, Mr. Bryant didn't present his claims to the final reviewing authority because he didn't know who or where the final reviewing authority was. State prisoners generally must exhaust available State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2254(b). However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." Moffat v. Broyles, 288 F.3d 978, 981-82 (7th Cir. 2002).

Notwithstanding Mr. Bryant's lack of personal knowledge, the exhibits attached to his petition demonstrate that correctional staff told him in writing that he could appeal the Warden's decision to the final reviewing authority and that he was responsible for sending that appeal to the Central Office for the Indiana Department of Correction within fifteen working days of receiving the Warden's decision. ECF 1-1. Given these instructions, it is unclear how the lack of personal knowledge alone could excuse Mr. Bryant from satisfying the exhaustion requirement. See Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes unavailable if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting."); Henderson v. Cohn, 919 F.2d 1270, 1272 (7th Cir. 1990) ("[A] petitioner's failure to act or think like a lawyer cannot be cause for failing to assert a claim."). Mr. Bryant didn't present his claims at the departmental level within that timeframe, so the court dismisses the petition because the claims are procedurally defaulted.

Mr. Bryant doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). He can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Korey D. Bryant leave to proceed in forma pauperis on appeal.

SO ORDERED on October 4, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
